**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| **JORGE AVILA TORREZ,** | ) | |
| Movant, | ) | **Criminal No. 1:11-CR-00115-LO** |
| | ) | |
| v. | ) | **CAPITAL § 2255 PROCEEDINGS** |
| | ) | |
| **JEFFREY KRUEGER, Warden,** | ) | |
| United States Penitentiary, Terre Haute, | ) | **Hon. Liam O'Grady** |
| Respondent.[1] | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR APPOINTMENT OF COUNSEL**

By undersigned counsel, JORGE AVILA TORREZ, a federal prisoner convicted of

murder and sentenced to death, hereby moves for appointment of counsel to represent him in

pursuing any and all available post-conviction remedies, including the investigation, preparation,

and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In support

of this Motion, Mr. Torrez states as follows:

1. Movant was convicted of capital murder in the Eastern District of Virginia and sentenced

  to death by a jury on May 30, 2014. The Fourth Circuit Court of Appeals entered

  judgment affirming his conviction and sentence on August 28, 2017. *U.S. v. Torrez*, 869

---

[1] Mr. Torrez is currently in the custody of the Bureau of Prisons at the Metropolitan Correctional Center in Chicago. Counsel expect him to be moved any day to USP Terre Haute in Indiana where federal death row is located. For that reason, this motion is styled with that institution's warden as Respondent.

[2] The United States Supreme Court grants approximately 1% of the petitions for certiorari filed each term out of roughly 7,000–8,000 applications. See The Justice's Caseload, SUPREME COURT OF THE UNITED STATES, www.supremecourt.gov/about/justicecaseload.aspx (last visited October 12, 2018).

[3] Mr. Torrez may wish to explore claims that he received constitutionally ineffective counsel at trial and on appeal. Current counsel cannot investigate and litigate their effectiveness as counsel.

[4] 18 U.S.C. § 3599(e) provides that counsel in capital cases may be "replaced by similarly

F.3d 291 (4th Cir. 2017). Mr. Torrez has filed a petition for certiorari review in the United States Supreme Court. The Government's Brief in Opposition is currently due on October 24, 2018. If the petition is denied, as is generally the case,[2] Mr. Torrez will have just one year in which to file a motion for relief under 28 U.S.C. § 2255. Thus, prompt appointment of counsel for federal post-conviction proceedings is appropriate and necessary in this case.

2. Mr. Torrez is entitled to the appointment of counsel pursuant to *McFarland v. Scott*, 512 U.S. 849, and 18 U.S.C. § 3599(a) (2). Mr. Torrez requests that the Court appoint for his post-conviction proceedings local counsel Joan C. Robin, a member in good standing of the bar of this Court, together with the Federal Community Defender for the Eastern District of Pennsylvania (hereinafter "FCDO"), Shawn Nolan appearing. The FCDO has particular expertise in the litigation of capital § 2255 cases and would appear at no cost to this Court.

**ENTITLEMENT TO RELIEF**

**A. Movant is Indigent.**

3. Movant is indigent and requires the appointment of capital post-conviction counsel.

4. Movant is "financially unable to obtain adequate representation or investigative, expert or other reasonably necessary services" in post-conviction proceedings. 18 U.S.C. § 3599(a) (2). Mr. Torrez was found indigent prior to trial and has been represented only by court appointed counsel at each stage of proceedings since.

---

[2] The United States Supreme Court grants approximately 1% of the petitions for certiorari filed each term out of roughly 7,000–8,000 applications. See The Justice's Caseload, SUPREME COURT OF THE UNITED STATES, www.supremecourt.gov/about/justicecaseload.aspx (last visited October 12, 2018).

5. This Court previously found Mr. Torrez indigent for purposes of receiving legal representation at trial; he was indigent on appeal; and nothing about his financial circumstances has changed.

**B. Mr. Torrez is Entitled to Appointment of Federal Post-Conviction Counsel.**

6. Movant is indigent and wishes to file a motion for relief from judgment pursuant to 28 U.S.C. § 2255. He has not previously filed any such motion challenging his 2014 conviction and death sentence, and he cannot do so without the appointment of qualified counsel to investigate, prepare, and present the claims available to him.

7. Section 3599(a)(2), 18 U.S.C., states:

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

8. This statute grants a qualified applicant "a mandatory right to qualified legal counsel." *McFarland*, 512 U.S. at 854; *see also* Guide to Judiciary Policies and Procedures, Vol. VII, Ch. VI, § 620.10.20(a) ("A financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 or §2255 is entitled to appointment of one or more qualified attorneys.").

9. Mr. Torrez requests that this Court appoint counsel pursuant to section 3599 and *McFarland* to pursue post-conviction relief.

**C. Movant's Appointment Request.**

10. At present, Mr. Torrez has no counsel appointed for the purpose of investigating, preparing, and filing his § 2255 motion. Current counsel Robert Lee and Julie Stelzig of

3

the Federal Public Defender of Maryland were appointed for purposes of the direct appeal but request permission to withdraw at the conclusion of proceedings in the United States Supreme Court, so that new counsel may represent Mr. Torrez in post-conviction proceedings.[3] Current counsel have conferred and now file this appointment motion, to provide their client with qualified counsel and adequate time to properly prepare his capital § 2255 motion, to assure a smooth transition to the post-conviction legal team, and to protect Mr. Torrez's constitutional rights.[4]

11. Current counsel Ms. Stelzig has discussed the potential appointment of proposed counsel with Mr. Torrez and counsel can represent that Mr. Torrez concurs in this Motion and wishes to have proposed counsel appointed.

12. The Eastern District of Virginia Federal Public Defender represented Mr. Torrez in pretrial proceedings and would thus be conflicted from participating in his § 2255 litigation. Ms. Robin and the FCDO are proposed for appointment based on their experience and expertise in the capital litigation generally, and in capital habeas litigation in particular. They are proposed pursuant to the recommendation of the Federal Capital Habeas Project, which was created by the Administrative Office of the United States Courts in 2006 to help identify qualified counsel for appointment in capital 2255 cases. The Project has identified and recommended qualified counsel in nearly every capital § 2255 case since its inception.

---

[3] Mr. Torrez may wish to explore claims that he received constitutionally ineffective counsel at trial and on appeal. Current counsel cannot investigate and litigate their effectiveness as counsel.
[4] 18 U.S.C. § 3599(e) provides that counsel in capital cases may be "replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant[.]" Proposed counsel are "similarly qualified."

13. Shawn Nolan is the Chief of the Capital Habeas Unit in the Federal Community Defender Office for the Eastern District of Pennsylvania. Mr. Nolan oversees a well-qualified staff of attorneys whose sole job is the representation of capital post-conviction petitioners. The FCDO is recognized by the Administrative Office of the United States Courts as a Community Defender Organization pursuant to 18 U.S.C. § 3006A of the Criminal Justice Act. *See* Addendum to the Plan for the Implementation of the Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A, of the United States District Court for the Eastern District of Pennsylvania. Since 1995, the FCDO has received a sustaining grant from the Administrative Office of the United States Courts to represent death-sentenced prisoners in federal habeas corpus proceedings. Because of its sustaining grant, the Federal Community Defender will not require any funding from this Court for attorney fees, investigation or travel expenses, or expert witness expenses, should expert witnesses be needed.

14. Capital post-conviction litigation requires specialized knowledge and experience. *See, e.g.*, 21 U.S.C. § 848(q) (4) (B) (7) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland*, 512 U.S. at 856-57 (noting that "this Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)).

15. FCDO attorneys possess specialized knowledge and experience in litigating federal habeas cases. Since 1995, the FCDO has represented dozens of death-sentenced prisoners in federal district courts, federal courts of appeals, and the United States Supreme Court. It has litigated five substantive cases in the United States Supreme Court. *See Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Pace v.*

*DiGuglielmo*, 544 U.S. 408 (2005); *Beard v. Kindler*, 558 U.S. 53 (2009); *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). Its lawyers, including one of the attorneys who would be assigned to this case, Shawn Nolan, have served on the faculties of death penalty and/or habeas corpus continuing legal education training seminars for numerous organizations and entities.

16.    The FCDO has also been appointed to a number of capital §2254 and § 2255 cases outside of its home district, including cases within the Fourth Circuit. *E.g., Lawlor v. Zook*, 2:15-cv-113 (E.D. Va.); *Winston v. Kelly*, 7:07-cv-364 (W.D. Va.); *United States v. Higgs*, Criminal No. PJM-98-0520 (D. Md.); *United States v. Rodriguez*, 2:04-cr-55 (D.N.D.); *United States v. Ebron*, No. 1:08-cr-36-MAC-ESH-1 (E.D. Tex.); *United States v. Fulks*, 4:02-992-JFA (D.S.C.); *United States v. Jackson*, 1:16-cv-00212-MR [1:00-cr-00074-MR-1] (D.N.C.).  Additionally, the FCDO has on staff Assistant Federal Defenders who are members of the Fourth Circuit, are familiar with its court practices, and have litigated capital cases in Virginia.

17.    Appointment of the FCDO will provide Mr. Torrez with experienced and qualified post-conviction counsel with staff and resources to undertake representation in this complex case without requesting additional funds from this Court. Undersigned counsel is informed that, because of their size – the federal offense in one jurisdiction, the prisoner's background witnesses in another, and the client himself in a third, in addition to the scattering of witnesses – federal capital § 2255 cases tend to require considerably more resources and are considerably more expensive than capital § 2254 cases arising from state court convictions. Federal defender organizations have in-house resources, staffing, and infrastructure, all of which facilitate the management and processing of voluminous

records and the handling of multiple tasks within short periods of time. Appointment of FCDO staff may also conserve costs, in that the office represents a number of other federally prisoners incarcerated on death row and can therefore combine trips to those facilities when visiting clients. Moreover, the fact that any necessary investigators and experts will be paid from the FCDO's budget will greatly simplify the administrative burden on the Court as well as its budgeting process.

18. Consistent with administrative protocol, the FCDO sought permission from the Administrative Office of the United States Courts' Defender Services Office ("DSO") to apply to this Court for an out-of-district appointment in this matter.[5] As part of its protocol, the DSO has notified the Chief Judge of the Fourth Circuit Court of Appeals, and he has voiced no objection. The DSO has approved the FCDO's request to seek appointment in this matter.

19. Federal Defender program policy requires that the office itself seek appointment. Should this Court appoint the FCDO, Mr. Nolan will assign additional attorneys, investigators and paralegal from the FCDO staff as necessary to meet the needs of Mr. Torrez's case. Mr. Nolan has represented post-conviction capital clients for more than sixteen years. He is a member in good standing of the Supreme Court of the United States, the Court of Appeals for the Third Judicial Circuit, the Federal District Courts for the Eastern and

---

[5] Undersigned counsel has been informed that, not surprisingly, this situation is common in capital § 2255 cases because the in-district defender frequently has a conflict due to representation at trial of either the prisoner himself or of a witness or coconspirator. Because of the size and complexity of federal capital post-conviction cases, as well as the significant resources necessary for investigating and presenting all possible claims in the one-year statute of limitations period, district courts have appointed Federal Defender Offices in nearly every capital § 2255 case currently pending before them. According to the Federal Capital Habeas Project, which tracks data on all pending federal capital post-conviction cases, all of those Federal Defender Offices are appearing out of district.

Middle Districts of Pennsylvania, the Federal District Court for the Southern District of Texas, the Federal District Court for the District of Columbia, and the Pennsylvania Supreme Court. Mr. Nolan will promptly move to appear pro hac vice in this Court should the Court grant this motion.

20. Proposed co-counsel Joan Robin has been a member of the Virginia Bar for over 17 years. She is currently in private practice, having previously worked with the state Public Defender's Office in Alexandria, Virginia. Her trial docket consists primarily of serious felony cases, and has included both federal and state capital cases. She has appeared as lead counsel in over a dozen appellate cases, including cases before the Virginia Court of Appeals, the Virginia Supreme Court, and the United States Court of Appeals for the Fourth Circuit. Her appointment is appropriate in that she has extensive experience in federal criminal law, as well as expertise in capital litigation. She has practiced in The United States District Court for the Eastern District of Virginia, Alexandria Division, for nine years. As a qualified attorney on the Criminal Justice Act ("CJA") list, she represents both court-appointed clients and retained clients in federal court. She has served as lead counsel in a variety of serious federal criminal cases, including drug trafficking and gun offenses, white-collar fraud, child sex crime offenses, and murder. Within the past five years, she has accepted appointment by this Court in three capital murder-in-aid-of racketeering cases. On the state level, she has served as trial counsel on four capital murder cases. She is among a select number of criminal defense attorneys on the Virginia Supreme Court's list of qualified counsel for capital murder cases, and she regularly participates in capital training to stay abreast of developments in the law.

Given the size and complexity of this case, however, Ms. Robin is only seeking this appointment in conjunction with the appointment of the FCDO.

21. Appointment of Ms. Robin is consistent with well-established practice and judicial guidelines. *See Guide to Judiciary Policy,* Vol. 7 *"Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 6: Federal Death Penalty and Capital Habeas Corpus,"* § 620.10.20, available at: http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-6-ss-620-appointment-counsel-capital-cases#a620_50 ("judicial officers should consider appointing at least two attorneys" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings[.]"). Undersigned counsel is informed that federal district courts across the country have routinely approved the appointment of two attorneys or more in capital § 2255 cases. Indeed, all death row prisoners litigating their § 2255 motions in district court have at least two attorneys representing them.

22. Pursuant to Local Rule 7, counsel for the parties have conferred and counsel for the government has authorized Mr. Torrez to represent that the government believes this is a matter between the defendant and the Court, and takes no position on the motion. Also pursuant to Local Rule 7, Movant submits this motion for consideration without oral argument. Of course, if the Court deems argument on the motion is necessary or appropriate, counsel will appear as directed.

WHEREFORE, for these and for any other reasons appearing to the Court, Mr. Torrez respectfully requests that the Court appoint local counsel, Ms. Joan C. Robin, and the Federal Community Defender for the Eastern District of Pennsylvania as counsel in seeking relief under § 2255 and all available post-conviction remedies.

**PRAYER FOR RELIEF**

ACCORDINGLY, Mr. Torrez respectfully requests that this Court:

A.  Grant him leave to proceed *in forma pauperis*, and

B.  Appoint the Federal Community Defender for the Eastern District of Pennsylvania

   and Joan C. Robin as counsel to represent him in his capital § 2255 proceedings.

Respectfully submitted,

ROBERT LEE

VIRGINIA CAPITAL REPRESENTATION
RESOURCE CENTER
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
(434) 817-2970
roblee@vcrrc.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James L. Trump, Assistant U.S. Attorney
Jonathan Leo Fahey, Assistant U.S. Attorney
Office of the United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314-5194
jim.trump@usdoj.gov
Jonathan.Fahey@usdoj.gov


_____/s/_____
Robert Lee
