# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

JORGE AVILA TORREZ,

     Movant,

     v.

JEFFREY KRUEGER, Warden, USP Terre Haute, UNITED STATES OF AMERICA

     Respondents.

:
:
:  Criminal No. 1:11-CR-00115-LO
:  **CAPITAL § 2255 PROCEEDINGS**
:  Hon. Liam O'Grady
:

## MEMORANDUM RESPONSE TO COURT'S ORDER

Undersigned counsel respectfully submit the instant Memorandum in response to this Court's April 8, 2022, order:

1.  Jorge Avila Torrez is a death-sentenced federal prisoner currently incarcerated at the United States Penitentiary at Terre Haute. Mr. Torrez was convicted of capital murder and sentenced to death by a jury on May 30, 2014. The Fourth Circuit Court of Appeals entered judgment affirming his conviction and sentence, *United States v. Torrez*, 869 F.3d 291 (4th Cir. 2017), and the Supreme Court denied certiorari, *Torrez v. United States*, 139 S. Ct. 2712 (Mem) (2019).

2.  On October 19, 2018, this Court entered an order appointing the Federal Community Defender Office for the Eastern District of Pennsylvania and Joan C. Robin as co-counsel to represent Mr. Torrez in these federal post-conviction proceedings. ECF No. 472.

3.  On April 5, 2022, Mr. Torrez filed in this Court a motion to proceed pro se. This Court ordered counsel to file a memorandum apprising the Court of the status of the case. ECF

No. 501.  As described herein, counsel have been diligently conducting the expansive investigation that is required in a death penalty case; however, their efforts have been hampered over the past two years by the ongoing coronavirus pandemic.  While much investigative work and development of claims has already been completed since the time of appointment, much remains to be done.

4.     Pursuant to the standard of care for post-conviction counsel in a death penalty case, undersigned counsel are required to "continue an aggressive investigation of all aspects of the case," including issues related to both guilt and penalty.  ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 10.15.1(E)(4).  The avenues for investigation in this case are extensive.  In addition to the 2009 homicide of which Mr. Torrez was convicted in this case, the Government also presented evidence at the penalty phase alleging Mr. Torrez's involvement in a 2005 double homicide in Illinois, as well as a multi-count conviction related to sexual assault offenses committed in Virginia in 2010; each of these cases requires independent investigation by counsel.  Additionally, investigation into potential mitigating evidence, of which there was no presentation at trial, requires developing a complete social history of Mr. Torrez's life, including his childhood in Illinois, his time stationed in the military, as well as his family history in Mexico.

5.     Counsel have been diligently pursuing this investigation since the time of appointment.  This has included interviewing numerous witnesses, including immediate and extended family; teachers, classmates, and neighbors from Mr. Torrez's childhood in Illinois; and fellow Marines and other associates from his time in the military.  Counsel have obtained extensive records documenting Mr. Torrez's medical, educational, and military history.  Counsel have also retained and consulted with experts related to both guilt and penalty phase issues.

2

6. Pursuant to 28 U.S.C. § 2255(f)(1), Mr. Torrez's habeas motion was originally due to be filed June 17, 2020. However, counsel's investigation was severely curtailed by the coronavirus pandemic beginning in March 2020. Because of the sensitive nature of areas of investigation in a capital case, witness interviews must be conducted in person. ABA Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases, Guideline 10.11.C ("Team members must conduct in-person, face-to-face, one-on-one interviews with the client, the client's family, and other witnesses who are familiar with the client's life, history, or family history or who would support a sentence less than death."). Counsel were prevented from traveling and conducting these in-person interviews due to the pandemic. For a lengthy period of time, certain mental health experts retained by counsel were unable to conduct in-person evaluations of Mr. Torrez at Terre Haute due to health concerns.

7. In May 2020, the Government agreed to waive the statute of limitations for a period of three months due to the limitations on investigation imposed by the pandemic. Despite these restrictions, counsel continued to diligently conduct as much investigation as could be done remotely. This included continued collection of records, as well as consultation with experts to the extent their work could be done based on records review.

8. Since vaccines became available last year, counsel have been able to conduct more travel and in-person investigation. However, these efforts have still been periodically disrupted by new surges of COVID-19, including most recently the omicron wave in January and February of this year. Important investigation remains to be done. For instance, Mr. Torrez's parents are from Mexico, where he was conceived, and much of their family still lives there. A competent mitigation investigation requires counsel to send a mitigation investigator fluent in Spanish to Mexico to interview witnesses there about Mr. Torrez's family history. Counsel had previously planned and scheduled such an investigative trip to Mexico, which was canceled due to the

3

pandemic, and counsel have not yet been able to reschedule this trip due to ongoing travel limitations related to the pandemic. Up until last week, the State Department has warned against travel to Mexico due to COVID-19 concerns. There are additional witnesses in the United States to be interviewed, including witnesses Mr. Torrez identified at the end of February 2022 and asked counsel to locate and interview. One or more additional expert reports may be forthcoming.

9. Since May 2020, the Government has agreed to a series of three-month extensions of the statute of limitations due to these ongoing restrictions on investigation imposed by the pandemic. The habeas petition is currently due to be filed by June 13, 2022.

10. Mr. Torrez's request for waiver of counsel, like any waiver, must be knowing, intelligent, and voluntary. *See Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Mr. Torrez cannot yet make an informed decision as to waiver of counsel while counsel's investigation remains incomplete and before a habeas motion is filed. Counsel respectfully ask that this Court defer ruling on Mr. Torrez's motion at least until the habeas motion has been filed.

Respectfully submitted,

<table>
<tr><td>/s/ Katherine Thompson</td><td>/s/ Joan C. Robin</td></tr>
<tr><td>KATHERINE THOMPSON</td><td>JOAN C. ROBIN</td></tr>
<tr><td>PA Bar # 323459</td><td>VA Bar # 44502</td></tr>
<tr><td>Federal Community Defender Office, Capital Habeas Unit</td><td>114 North Alfred Street</td></tr>
<tr><td>601 Walnut Street, Suite 545 West</td><td>Alexandria, VA 22314</td></tr>
<tr><td>Philadelphia, PA 19106</td><td>Telephone (703) 349-1111</td></tr>
<tr><td>Telephone (215) 928-0520</td><td>Facsimile (703) 349-1118</td></tr>
<tr><td>Katherine_Thompson@fd.org</td><td>joni@jonirobinlaw.com</td></tr>
</table>

Counsel for Jorge Avila Torrez

April 29, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of April, 2022, I will electronically file the foregoing Memorandum with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/_____

Joan Robin