|  |  |  |
|---|---|---|
| JORGE AVILA TORREZ, | : | |
| | : | |
| Movant, | : | Criminal No. 1:11-CR-00115-LO |
| | : | |
| v. | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| JEFFREY KRUEGER, Warden, USP Terre Haute, UNITED STATES OF AMERICA | : | Hon. Liam O'Grady |
| | : | |
| Respondents. | : | |

**MEMORANDUM REGARDING MOVANT'S REQUEST TO PROCEED PRO SE**

Undersigned counsel respectfully submit the instant Memorandum regarding Movant

Jorge Torrez's request to proceed pro se:

1. Jorge Avila Torrez is a death-sentenced federal prisoner currently incarcerated at

the United States Penitentiary at Terre Haute. Mr. Torrez was convicted of capital murder

and sentenced to death by a jury on May 30, 2014. The Fourth Circuit Court of Appeals

entered judgment affirming his conviction and sentence, *United States v. Torrez*, 869 F.3d

291 (4th Cir. 2017), and the Supreme Court denied certiorari, *Torrez v. United States*, 139

S. Ct. 2712 (Mem) (2019).

2. On October 19, 2018, this Court entered an order appointing the Federal

Community Defender Office for the Eastern District of Pennsylvania and Joan C. Robin as

co-counsel to represent Mr. Torrez in these federal post-conviction proceedings.  ECF No. 472.

3.      On April 5, 2022, Mr. Torrez filed in this Court a motion to proceed pro se.  This Court convened a hearing on August 19, 2022, to address Mr. Torrez's request.  This Court should deny Mr. Torrez's request because allowing him to proceed pro se would run counter to the interests of justice.

4.      The Supreme Court has made clear that the constitutional right to self-representation announced in *Faretta v. California*, 422 U.S. 806 (1975), does not extend outside the trial context.  *Martinez v. Ct. of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 154 (2000) (*Faretta*'s holding "was confined to the right to defend oneself at trial."); *accord. McCoy v. Sec'y, Fla. Dep't of Corrections*, 2015 WL 3465780 at *1 (M.D. Fla. June 1, 2015) ("'[T]he right to self-representation recognized in *Faretta* does not extend to a federal habeas proceeding such as this one . . . . [P]ermitting Petitioner to proceed pro se with a capital habeas case will not promote the integrity and efficiency of these proceedings."); *Williams v. Wetzel*, No. 11-4681, Doc. 24, Order at 3 n.1 (E.D. Pa. Sept. 30, 2019) ("[T]he Court is not persuaded [28 U.S.C. § 1654] provides a right of self-representation in a capital habeas matter, where a petitioner has a statutory right to counsel and where appointment of well-qualified counsel is mandatory under this Court's Criminal Justice Act Plan. *See* 18 U.S.C. § 3599(a)(1)(B)(2) . . .  [T]he decision whether to allow Mr. Williams to proceed pro se in this federal habeas matter is discretionary."), Exhibit A attached; *Fletcher v. Beard*, 2016 WL 2866431 at *3 (E.D. Pa. May 16, 2016) ("Although the federal statute guarantees Petitioner a right to counsel, it makes no mention of

Petitioner's right to self-representation in habeas corpus proceedings. Moreover, the United States Constitution does not bestow upon Petitioner a right to self-representation . . . . Therefore, it is entirely within the Court's discretion whether Petitioner should be allowed to remove counsel and proceed pro se in this habeas corpus matter."); *Wiseman v. Beard*, 629 F. Supp.2d 488, 490 (E.D. Pa. 2009) ("Rush does not have a constitutional right to self-representation in his habeas corpus petition, but this Court has discretion to allow him to proceed pro se or to insist that he accept representation.").

5.      Requests for removal of counsel in capital habeas corpus proceedings are governed by an "interests of justice" standard. *Martel v. Clair*, 565 U.S. 648, 652 (2012). Habeas petitioners facing execution are entitled to counsel as a matter of right. 18 U.S.C. § 3599(a)(2). This provision "reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and…the unique and complex nature of the litigation.'" *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. § 848(q)(7) (1988 ed.) (recodified at 18 U.S.C. § 3599(d)); *see also id.* at 856 (discussing heightened pleading requirements required for habeas petitioners and the danger of summary dismissal for noncompliance); *Murray v. Giarratano*, 492 U.S. 1, 14 (Kennedy, J., joined by O'Connor, J., concurring in the judgement) ("The complexity of our jurisprudence in this area…makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."). Representation by qualified counsel also

fosters "fundamental fairness in the imposition of the death penalty." *McFarland*, 512 U.S. at 859.

6. In determining whether removal of counsel would advance the interests of justice, courts consider: the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict). *Martel*, 565 U.S. at 663.

7. Undersigned counsel have represented Mr. Torrez for nearly four years. *See* Doc. 472 (Order dated Oct. 19, 2018, appointing counsel). In that time, counsel have diligently conducted expansive investigation, including interviewing numerous witnesses and obtaining extensive records documenting Mr. Torrez's social history, met and communicated regularly with Mr. Torrez, and retained and consulted with experts related to both guilt and penalty phase issues, as well as developed and drafted of claims for relief. Mr. Torrez's habeas motion is currently due September 12, 2022. Mr. Torrez has viable claims for relief related to both his conviction and sentence. Litigation of these claims is "unique and complex." 18 U.S.C. § 3599(d). To remove counsel at this juncture would run counter to the interests of justice.

Respectfully submitted,

4

/s/ Joanne Heisey

JOANNE HEISEY
SAMUEL J.B. ANGELL
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone (215) 928-0520
Joanne_Heisey@fd.org

/s/ Joan C. Robin
JOAN C. ROBIN
VA Bar # 44502
114 North Alfred Street
Alexandria, VA 22314
Telephone (703) 349-1111
Facsimile (703) 349-1118
joni@jonirobinlaw.com

Counsel for Jorge Avila Torrez

August 16, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of August, 2022, I will electronically file the foregoing Memorandum with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/

Joan Robin