# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-4681 |
| | : | |
| JOHN E. WETZEL, Secretary, | : | **THIS IS A CAPITAL CASE** |
| Pennsylvania Department of Corrections, | : | |
| et al. | : | |

## ORDER

AND NOW, this 30th day of September, 2019, upon consideration of Petitioner James

Williams's Motion Reasserting the Right to Self-Representation During the Habeas Stage, and

following an in-person colloquy with Petitioner on June 27, 2019, during which the Court ruled

that Petitioner's current counsel would remain counsel of record in this matter, it is ORDERED

the Motion (Document 18) is DENIED.  Although the Federal Community Defender Office for

the Eastern District of Pennsylvania (FCDO) shall remain counsel of record in this case, Mr.

Williams shall be permitted to make pro se filings.  Pro se submissions from Mr. Williams will be

filed on the docket, and the Court will consider any issues raised by Mr. Williams as well as any

issues raised in counseled filings made on his behalf.  Mr. Williams may file a pro se petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254, and counsel shall file a counseled petition.

Both filings must be submitted within the applicable limitations period.  Should issues arise in the

relationship between Mr. Williams and the FCDO, the parties are free to bring them to the Court's

attention.[1]

---

[1] In August 2011, the FCDO was appointed pursuant to 18 U.S.C. § 3599(a)(2) to represent
Petitioner James Williams in these capital habeas corpus proceedings.  The FCDO has a
longstanding relationship with Mr. Williams, having represented him in seeking certiorari review
of the Pennsylvania Supreme Court's judgment affirming his conviction and death sentence in
2006 and having served as standby counsel for Mr. Williams in his Pennsylvania Post Conviction
Relief Act (PCRA) proceedings.  When this action was filed, Mr. Williams's PCRA proceedings

were still ongoing.  Consequently, in November 2012, this matter was stayed pending Mr. Williams's exhaustion of state remedies.  In October 2017, this case was reassigned to the undersigned district judge, and in December 2018, the FCDO notified the Court that Mr. Williams had completed exhaustion of his claims on November 21, 2018, when the Pennsylvania Supreme Court denied post-conviction relief.

On February 15, 2019, Mr. Williams filed the above-referenced Motion Reasserting the Right to Self-Representation During the Habeas Stage.  In his Motion, Mr. Williams states he wishes "to reassert and reaffirm [his] constitutional right under the First, Fifth and Sixth Amendment[s] to self-representation to prepare and present [his] own cause during these habeas corpus proceedings."  Mot. 2.  Mr. Williams notes he has represented himself at every stage of the proceedings in this case and explains that he elected to exercise his right of self-representation early on because of problems with his appointed Pennsylvania attorneys who were "bent on undermining any viable prevailing defenses."  *Id.* at 3.  He requests that matters pertaining to this case be directed to him personally, and that the Court investigate the egregious evidence of prosecutorial misconduct in his case and hold an evidentiary hearing to determine the violation of his constitutional rights.  He also requests to appear personally during all proceedings related to this case and to remain housed in the Philadelphia area to aid in the presentation of his defense.

On June 27, 2019, the Court held an in-person colloquy with Mr. Williams regarding his Motion.  *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding a defendant may represent himself only if he "'knowingly and intelligently' forgo[es]" the benefits associated with the right to counsel); *United States v. Peppers*, 302 F.3d 120, 133-37 (3d Cir. 2002) (setting forth the requirements for an on-the-record *Faretta* colloquy).  During the colloquy, Mr. Williams made clear that he wishes to represent himself in these proceedings with the FCDO attorneys serving as standby counsel, as they did in the state PCRA proceedings.  Mr. Williams explained he has had bad experiences with past court-appointed counsel, including his court-appointed trial counsel in this case, which has created distrust.  He also stated he has a good relationship with the FCDO attorneys, with whom he has been working for many years, and wishes to have their help in this case.  However, he does not want to allow anyone to make decisions without his knowledge or consent and does not want anyone to undermine the defenses he wishes to present.  In response to questioning from the Court, Mr. Williams agreed he could work with the FCDO attorneys to ensure his claims are presented in the best possible way, and stated his objective is to put forth the issues in his own words, in his own way, without obstruction from anyone.  When the Court proposed that Mr. Williams be permitted to file his own habeas petition with whatever assistance he wishes to receive from the FCDO attorneys, and that the FCDO attorneys be permitted to file an amended petition, adding any issues they deem appropriate in the exercise of their professional judgment so as to leave no stone unturned, Mr. Williams stated he did not have a problem with this arrangement.  However, he continued to object to the FCDO remaining as counsel of record.

In his Motion and during the colloquy, Mr. Williams invoked his constitutional right to self-representation, citing *Faretta* and other cases.  But, as the Court advised Mr. Williams during the colloquy, the constitutional right to self-representation does not extend to these federal habeas proceedings.  In *Faretta*, the U.S. Supreme Court held "a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so."  422 U.S. at 807.  The holding in *Faretta*, however, "was confined to the right to defend oneself at trial."  *Martinez v. Ct. of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 154 (2000).  And since *Faretta*, the Supreme Court, the lower federal courts, and state courts have held

2

the constitutional right to self-representation does not extend beyond the trial stage. In *Martinez*, the Supreme Court held there is no federal constitutional right to self-representation on direct appeal from a criminal conviction, finding the reasoning in *Faretta* did not require recognition of such a right. *Id.* at 163. The Court noted, for example, that the Sixth Amendment, which *Faretta* read to imply a right of self-representation, did not support a right of self-representation on appeal because the Amendment "does not apply to appellate proceedings." *Id.* at 159-61. The Court also observed that the autonomy considerations that might support a due process right to self-representation at trial were "less compelling" at the appellate stage, when the defendant is no longer an accused whom the state is seeking to convict but an appellant trying to overturn a finding of guilt. *Id.* at 161-63.

Following *Martinez*, the California Supreme Court has held there is no federal constitutional right to self-representation when seeking habeas corpus relief in state court. *In re Barnett*, 73 P.3d 1106, 1112-13 (Cal. 2003) (noting that, as in *Martinez*, "the Sixth Amendment right to self-representation at trial clearly [does] not apply [in state collateral proceedings]," and "the autonomy interests that survive a judgment of conviction surely are no greater once the judgment is affirmed on appeal and the inmate is relegated to the civil remedy of seeking collateral relief"). And several district courts, including two in this district, have held there is no federal constitutional right to self-representation in federal habeas proceedings. *Fletcher v. Beard*, No. 10-3188, 2016 WL 2866431, at *3 (E.D. Pa. May 16, 2016); *Wiseman v. Beard*, 629 F. Supp. 2d 488, 490 (E.D. Pa. 2009); *accord McCoy v. Sec'y, Fla. Dep't of Corr.*, No. 3:13-cv-706-J-32JRK, 2015 WL 3465780, at *1 (M.D. Fla. June 1, 2015). During the colloquy, Mr. Williams also referenced 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." But the Court is not persuaded this statute provides a right of self-representation in a capital habeas matter, where a petitioner has a statutory right to counsel and where appointment of well-qualified counsel is mandatory under this Court's Criminal Justice Act Plan. *See* 18 U.S.C. § 3599(a)(1)(B)(2); Criminal Justice Act Plan for the E.D. Pa. §§ IV.A.1.i., XIV.F.; *cf. Fletcher*, 2016 WL 2866431, at *3 (noting that although § 3599 "guarantees [a federal capital habeas petitioner] a right to counsel, it makes no mention of [a] right to self representation in habeas corpus proceedings"); Rules 6(a) and 8(c) of the Rule Governing Section 2254 Cases in the United States District Courts (providing that counsel must be appointed for a habeas petitioner if necessary for effective discovery or if an evidentiary hearing is warranted). Thus, the decision whether to allow Mr. Williams to proceed pro se in this federal habeas matter is discretionary. *See Fletcher*, 2016 WL 2866431, at *3 (holding "it is entirely within the Court's discretion whether Petitioner should be allowed to remove counsel and proceed pro se in this habeas corpus matter").

As stated during the colloquy, the Court appreciates that Mr. Williams and the FCDO attorneys have a good relationship. It is commendable that they have been able to work together cooperatively in the past, and the Court has reason to believe they will continue to do so. The Court also appreciates that notwithstanding this good working relationship, Mr. Williams strongly desires to represent himself so he can present the issues he wishes to present in the manner he wishes to present them. At the same time, the Court recognizes this is a capital case, and that, however straightforward Mr. Williams may believe his issues are, the law governing the presentation of those issues at the federal habeas stage is exceedingly complex. Indeed, it is precisely because of the "the seriousness of the possible penalty and . . . the unique and complex

The Clerk of Court shall mail a copy of this Order to Mr. Williams at the following address:

> James T. Williams, #31734-037
> FDC Philadelphia
> Federal Detention Center
> P.O. Box 562
> Philadelphia, PA  19105

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

nature of the litigation" that Congress granted federal capital habeas petitioners a statutory right to experienced and highly trained counsel. *Martel v. Clair*, 565 U.S. 648, 659 (2012) (quoting 18 U.S.C. § 3599(d)). In these circumstances, the Court will not disturb the FCDO's appointment as counsel of record but will permit Mr. Williams to make pro se filings in this matter. The Court will consider Mr. Williams's pro se filings along with the filings made by counsel to ensure that Mr. Williams is afforded the opportunity to present all issues he wishes to present in the manner he wishes to present them. *See Fletcher*, 2016 WL 2866431, at *3-4 (denying petitioner's motion to remove counsel and proceed pro se in a capital habeas case, but allowing petitioner to make pro se filings so the court could consider all his arguments, thereby enabling him "to enjoy any perceived benefits of self-representation").