**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| JORGE AVILA TORREZ, | : | |
| Movant, | : | Criminal No. 1:11-CR-00115-LO |
| v. | : | **CAPITAL § 2255 PROCEEDINGS** |
| JEFFREY KRUEGER, Warden, USP Terre Haute, UNITED STATES OF AMERICA | : | Hon. Liam O'Grady |
| Respondents. | : | |

**MOTION FOR PRODUCTION OF JORGE AVILA TORREZ'S**
**EMAIL-TYPE GRIEVANCES AND BP-8s NOT ATTACHED TO BP-9s**

Petitioner JORGE AVILA TORREZ, Reg. No. 16054-084, a federal prisoner convicted of murder and sentenced to death, hereby moves this Court, by and through his attorneys, to issue an order directing the warden at USP Terre Haute to produce Mr. Torrez's email-type grievances, and BP-8s (Informal Resolutions) not attached to BP-9s (Requests for Administrative Remedies). In support of this motion, Mr. Torrez submits the following:

1.  Mr. Torrez is a death-sentenced federal prisoner who was incarcerated at the United States Penitentiary at Terre Haute (USP-Terre Haute).

2.  Mr. Torrez filed a request to proceed pro se. He was transported to Virginia and on Friday, August 19, 2022, the Court held a hearing on that request. The Court selected Dr. Richard Ratner to perform a competency evaluation for Mr. Torrez.

3.     On August 23, 2022, Petitioner filed a Motion for Production of Jorge Avila Torrez's Bureau of Prisons Records, stating, among other things, that Mr. Torrez's prison records were necessary as collateral background information for the competency evaluation, citing *Rompilla v. Beard*, 545 U.S. 374, 390 (2005) (important collateral background information was contained in prison files and other records); *Jacobs v. Horn*, 395 F.3d 92, 106 (3d Cir. 2005) (mental health professional must be provided with "necessary information").  Dkt No. 515.

4.     On August 23, 2022, the Court granted the Motion.  The Court's Order directs the Warden of USP Terre Haute to produce, among other things, "all of the records consisting of and/or relating to [Mr. Torrez's] grievances."  Dkt. No. 516.

5.     Dr. Ratner has stated he will review the collateral background records, including Mr. Torrez's prison records, before he evaluates Mr. Torrez.  Prison files contain important background information including misconducts, grievances, medical records and mental health evaluations.

6.     In addition, in connection with his request to proceed pro se, Mr. Torrez provided the Court with written arguments indicating that his conditions of confinement were an important part of his rationale for wishing to proceed pro se.  The records are relevant for that reason, too. Mr. Torrez stated, among other things: "the main M.O. at Terre Haute is to not return or respond to the BP-8s."  Mr. Torrez stated he wants to file a lawsuit against USP Terre Haute.  He stated, "I do not understand what's so hard about sending a [sic] e-mail to the warden of Terre Haute to ask if he is aware of what's going on inside of his prison."  Dkt. No. 514.

7.      On September 8, 2022, the Bureau of Prisons (BOP) produced records responsive to the Court's Order.  *See* Exhibit A (attached) (emails between undersigned counsel and BOP counsel).[1]

8.      Missing from the September 8, 2022 production were Mr. Torrez's grievances and responses thereto.  Undersigned counsel brought this to the attention of a Bureau of Prison's attorney on September 13, 2022.  *See* Exhibit B (attached) at 4 (email string between undersigned counsel and BOP counsel).[2]

9.      In response, on September 15, 2022, a BOP attorney emailed undersigned counsel as follows:

Okay, so which grievances are you missing?  The informal resolutions (BP-8s) are not retained pursuant to policy.  So, I won't have those to provide.  Moreover, the retention policy on administrative remedies is 3 years so we wouldn't have any of those.

*See* Exhibit B at 3.

10.      On September 16, 2022, undersigned counsel asked that the BOP attorney clarify the response and stated that the production should include email-type grievances sent by Mr. Torrez.  *Id*.

11.      On September 19, 2022, the BOP produced Mr. Torrez's BP-9s with attachments thereto.  *See* Exhibit C (attached).

---

[1] A BOP attorney stated he produced records on August 24, 2022 by email.  For reasons unknown to undersigned counsel, undersigned counsel received neither the records nor an email from BOP counsel that day and did not receive the records until September 8.

[2] The email correspondence was with two different BOP attorneys because, during the course of the email correspondence, one went on vacation.

12. Also, on September 19, 2022, a BOP attorney stated the BOP would have a record of email-type grievances if Mr. Torrez attached them to formal administrative remedy requests, i.e, BP-9s. *See* Exhibit B at 2.

13. Undersigned counsel responded requesting: (1) all BP-8s not destroyed and not attached to BP-9s, and (2) the email-type grievances from Mr. Torrez that would be retained on the BOP's servers, computers or the like. *Id.* at 1-2.

14. In response, on September 23, 2022, a BOP attorney sent the following email: "We have no further documents responsive to the Court Order." *Id.*at 1.

15. Prison records including grievances are relevant as background information for mental health evaluations. In addition, Mr. Torrez's conditions of confinement are an important reason behind his request to proceed pro se. Accordingly, the Warden should produce all of Mr. Torrez's grievances. These records are fairly called for by the Court's Order of August 23, 2022. If the BP-8s or other responsive records have been destroyed, Petitioner requests that the BOP provide the date(s) of destruction.

WHEREFORE, undersigned counsel on behalf of Mr. Torrez respectfully request that this Court issue an order directing the Warden of USP Terre Haute to produce to undersigned counsel: (1) the email-type grievances that Mr. Torrez sent to BOP employees; and (2) all of Mr. Torrez's BP-8s in its possession or control not attached to BP-9s. If the Warden does not produce any of these records, Petitioner requests that the Court direct the BOP or its representatives to provide the date(s) they were destroyed.

Respectfully submitted,

/s/ Samuel J.B. Angell
SAMUEL J.B. ANGELL
JOANNE HEISEY
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone (215) 928-0520
Samuel_Angell@fd.org

/s/ Joan C. Robin
JOAN C. ROBIN
VA Bar # 44502
114 North Alfred Street
Alexandria, VA 22314
Telephone (703) 349-1111
Facsimile (703) 349-1118
joni@jonirobinlaw.com

Counsel for Petitioner, Jorge Avila Torrez

September 27, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2022, I will electronically file the

foregoing Motion with the Clerk of Court using the CM/ECF system, which will then send a

notification of said filing (NEF) to counsel of record.

In addition, the foregoing motion will also be served by email upon the following counsel

for the Bureau of Prisons:

Alexis McGee
Senior Attorney Advisor
FCC Terre Haute
4700 Bureau Road South
Terre Haute, Indiana 47802
(812) 238-3496
a4mcgee@bop.gov

K. Robert Schalburg, Esq.
Attorney Advisor
USP Terre Haute
4700 Bureau Road South
Terre Haute, Indiana 47802
(812) 244-4571
kschalburg@bop.gov

<u>s/ Joan C. Robin</u>