# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | | |
|---|---|---|
| JORGE AVILA TORREZ, | : | |
| | : | |
| Movant, | : | Criminal No. 1:11-CR-00115-LO |
| | : | |
| v. | : | **CAPITAL § 2255 PROCEEDINGS** |
| | : | |
| JEFFREY KRUEGER, Warden, USP Terre Haute, UNITED STATES OF AMERICA | : | Hon. Liam O'Grady |
| | : | |
| Respondents. | : | |

## RESPONSE TO COURT'S REQUEST FOR BRIEFING

Undersigned counsel respectfully submit the instant response to the Court's request for briefing regarding Jorge Avila Torrez's request to proceed pro se:

1.      Mr. Torrez is a death-sentenced federal prisoner currently incarcerated at the United States Penitentiary at Terre Haute.  Mr. Torrez was convicted of capital murder and sentenced to death by a jury on May 30, 2014. The Fourth Circuit Court of Appeals entered judgment affirming his conviction and sentence, *United States v. Torrez*, 869 F.3d 291 (4th Cir. 2017), and the Supreme Court denied certiorari, *Torrez v. United States*, 139 S. Ct. 2712 (Mem) (2019).

2.      On October 19, 2018, this Court entered an order appointing the Federal Community Defender Office for the Eastern District of Pennsylvania and Joan C. Robin as

co-counsel to represent Mr. Torrez in these federal post-conviction proceedings. ECF No. 472.

3. On April 5, 2022, Mr. Torrez filed in this Court a motion to proceed pro se. ECF No. 500. This Court convened a hearing on August 19, 2022, to address Mr. Torrez's request. Following the hearing, this Court appointed Dr. Richard Ratner, M.D., to conduct a psychiatric examination of Mr. Torrez. ECF No. 517.

4. This Court subsequently asked the parties, in order to help the Court inform Dr. Ratner's evaluation, to submit briefing addressing the appropriate legal standards to be applied to the following issues: 1) Mr. Torrez's competency to waive and/or right to waive the filing of a motion under 28 U.S.C. § 2255; 2) Mr. Torrez's competency and/or right to file a § 2255 motion pro se; and 3) Mr. Torrez's competency and/or right to decide the issues to be raised by counsel in a § 2255 motion. This submission follows.

**1. Capital habeas petitioners must be competent to waive the filing of a motion under § 2255.**

5. The Supreme Court has held that when a death-row inmate seeks to withdraw his habeas petition and forgo further legal proceedings, the petitioner must be competent to do so. *Rees v. Peyton*, 384 U.S. 312 (1966) (per curiam). In *Rees*, a state court prisoner sought to withdraw his petition for certiorari appealing the Fourth Circuit's denial of habeas relief under 28 U.S.C. § 2254. The Court explained that whether Mr. Rees should be allowed to withdraw his petition was "a question which [was] ultimately the responsibility of th[e] Court to determine" and that Mr. Rees's "mental competence" was of "prime importance" in the resolution of that question. *Id.* at 313. The Court therefore remanded to the district court to "make a judicial determination as to [Mr.] Rees' mental competence and render a

2

report on the matter." *Id.* at 313–14. Specifically, the Court directed the lower court to consider whether the petitioner had the "capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he [was] suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Id.* at 314. After the district court found the prisoner to be incompetent under this standard, the Supreme Court ordered that the case be "held without action on the petition for certiorari until further order of the Court," ultimately dismissing the case many years later following Mr. Rees's death in prison. *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 815 (9th Cir. 2003) (describing subsequent history in *Rees*), *rev'd on other grounds by Ryan v. Gonzales*, 568 U.S. 57 (2013).

6. The *Rees* competency standard is unique as it effectively implicates whether the prisoner "is competent to elect to die." *Miller ex rel. Jones v. Stewart*, 231 F.3d 1248, 1250 (9th Cir. 2000). It has therefore been applied by federal courts not only where a petitioner seeks to waive habeas review, *see, e.g.*, *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000); *Harper v. Parker*, 177 F.3d 567, 569 (6th Cir. 1999), but also where a capital defendant seeks to waive presentation of mitigating evidence at his sentencing trial, *see, e.g.*, *Chandler v. Greene*, 145 F.3d 1323 (4th Cir. 1998); *Summerlin v. Schriro*, 427 F.3d 623, 639 (9th Cir. 2005). Like *Rees*, each of these cases involved a state prisoner seeking to waive a § 2254 habeas petition, but there is no conceivable reason to apply a different standard here. Indeed, at least one district court has directed the parties to file briefs regarding a federal prisoner's competency under the *Rees* standard when that movant indicated a desire to forgo filing a motion under 28 U.S.C. § 2255. *See Paul v. United*

3

*States*, 534 F.3d 832, 851–52 (8th Cir. 2008) (noting that movant subsequently withdrew the request to waive).

7.      While "[d]istrict courts have discretion regarding the procedures they employ" in assessing competency to waive under *Rees*, they "of course, must provide due process." *Austin v. Stephens*, 596 F. App'x 277, 281 (5th Cir. 2015). The Fifth Circuit has held that a "district court can afford a petitioner due process" with the following steps:

> (1) "ordering and reviewing a current examination by a qualified medical or mental health expert," (2) "allowing the parties to present any other evidence relevant to the question of competency," and (3) "on the record and in open court, questioning the petitioner concerning the knowing and voluntary nature of his decision to waive further proceedings."

*Id.* (quoting *Mata*, 210 F.3d at 33). In addition to determining whether the petitioner is competent, the court must assess whether the waiver of further judicial review is "knowing and voluntary." *Id.* at 281–82.

### 2. Section 2255 petitioners have no constitutional or statutory right to conduct the proceedings pro se.

8.      It is well established that there is *no* constitutional right to pro se representation in the habeas context.  The Supreme Court has made clear that the Sixth Amendment right to self-representation announced in *Faretta v. California*, 422 U.S. 806 (1975), does not extend outside the trial context.  *Martinez v. Ct. of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 154 (2000) (explaining, in the direct appeal context, that *Faretta*'s holding "was confined to the right to defend oneself at trial"); *see also McCleaf v. Carroll*, 416 F.Supp.2d 283, 294 (D. Del. 2006) ("[T]here is no federal or constitutional right to self-representation in a direct appeal from a criminal proceeding, and thus, by logical extension, there is also no right to self-representation during a collateral proceeding.");

4

*McCoy v. Sec'y, Fla. Dep't of Corrections*, No. 3:13-CV-706-J-32JRK, 2015 WL 3465780 at *1 (M.D. Fla. June 1, 2015) ("The Supreme Court has held that the right to self-representation only extends to trial, and not direct appeal. . . . By that same logic, the right to self-representation recognized in *Faretta* does not extend to a federal habeas proceeding such as this one."); *Williams v. Wetzel*, No. 11-4681, Doc. 24, Order at 2 n.1 (E.D. Pa. Sept. 30, 2019) ("[T]he constitutional right to self-representation does not extend to these federal habeas proceedings."); *Fletcher v. Beard*, No. CV 10-3188, 2016 WL 2866431 at *3 (E.D. Pa. May 16, 2016) ("The United States Constitution does not bestow upon Petitioner a right to self-representation" in federal habeas proceedings.); *Wiseman v. Beard*, 629 F.Supp.2d 488, 490 (E.D. Pa. 2009) ("[Petitioner] does not have a constitutional right to self-representation in his habeas corpus petition.").

9.       Neither is there a statutory right to self-representation in a capital habeas case. Habeas petitioners facing execution are entitled to counsel as a matter of right.  18 U.S.C. § 3599(a)(2).  While § 3599 "guarantees [a federal capital habeas petitioner] a right to counsel, it makes no mention of [a] right to self representation in habeas corpus proceedings." *Fletcher*, 2016 WL 2866431 at *3; *see also Williams*, No. 11-4681, Doc. 24, Order at 3 n.1.  Citing an unpublished Fifth Circuit case, *United States v. Davis*, 629 Fed. App'x 613, 617-18 (5th Cir. 2015), counsel for the Government suggested at the August 19 hearing that 28 U.S.C. § 1654 confers a statutory right to self-representation in a habeas case.  Section 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  Thus, by its own

5

terms, whatever right to self-representation § 1654 may confer generally is circumscribed "by the rules of such courts." Accordingly, addressing a similar issue in *Williams*, the Court there explained that it was "not persuaded [§ 1654] provides a right of self-representation in a capital habeas matter, where a petitioner has a statutory right to counsel and where appointment of well-qualified counsel is mandatory under this Court's Criminal Justice Act Plan." *Williams*, No. 11-4681, Doc. 24, Order at 3 n.1 (citing 18 U.S.C. § 3599 (a)(1)(B)(2)).

10. Because there is no right to self-representation in the habeas context, most courts to address a capital habeas petitioner's request to proceed pro se have held that the decision is up to the court's discretion. *See, e.g., id.* ("[T]he decision whether to allow Mr. Williams to proceed pro se in this federal habeas matter is discretionary."); *Fletcher*, 2016 WL 2866431 at *3 ("[I]t is entirely within the Court's discretion whether Petitioner should be allowed to remove counsel and proceed pro se in this habeas corpus matter."); *Wiseman*, 629 F. Supp.2d at 490 ("[T]his Court has discretion to allow [habeas petitioner] to proceed pro se or to insist that he accept representation.").

11. The Court's exercise of discretion is governed by an "interests of justice" standard. *Martel v. Clair*, 565 U.S. 648 (2012); *see also McCoy*, 2015 WL 3465780 at *1. Section 3599's provision of counsel for capital habeas petitioners "reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and…the unique and complex nature of the litigation.'" *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. § 848(q)(7) (1988 ed.) (recodified at 18 U.S.C. § 3599(d)); *see also id.* at 856 (discussing heightened

pleading requirements required for habeas petitioners and the danger of summary dismissal for noncompliance); *Murray v. Giarratano*, 492 U.S. 1, 14 (Kennedy, J., joined by O'Connor, J., concurring in the judgement) ("The complexity of our jurisprudence in this area…makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."). Representation by qualified counsel also fosters "fundamental fairness in the imposition of the death penalty." *McFarland*, 512 U.S. at 859. In a capital habeas proceeding, the interests of justice are served by providing quality legal representation to the petitioner.

12. Were this Court inclined to grant Mr. Torrez's request to proceed pro se, notwithstanding his not having a right to do so, and notwithstanding its being counter to the interests of justice, this Court still must find that Mr. Torrez is competent to represent himself. The standard for competency to represent oneself is a higher standard than the one, articulated in *Dusky v. United States*, 362 U.S. 402 (1960), for competency to stand trial. *Indiana v. Edwards*, 554 U.S. 164, 175-76 (2008). In *Edwards*, the Supreme Court explained that the *Dusky* standard for competency to stand trial "focuses directly upon a defendant's 'present ability to consult with his lawyer.'" *Id.* at 174 (quoting *Dusky*, 362 U.S. at 402). Thus, the *Dusky* standard "assume[s] representation by counsel and emphasize[s] the importance of counsel." *Id.* A defendant's request to represent himself therefore "presents a very different set of circumstances" and "calls for a different standard." *Id.* at 174-75.

13. The *Edwards* standard for competency to self-represent focuses on the defendant's ability to "carry out the basic tasks needed to present his own defense without the help of

counsel." *Id.* at 175-76. Thus, in this case, Mr. Torrez's competency to represent himself turns on his ability to conduct a capital habeas proceeding without the help of counsel. But as the Supreme Court has acknowledged, capital habeas litigation is uniquely complex; thus "quality representation is necessary in capital habeas corpus proceedings in light of 'the seriousness of the possible penalty and . . . the unique and complex nature of the litigation.'" *McFarland*, 512 U.S. at 855; *see also Murray*, 492 U.S. at 14 (Kennedy, J., joined by O'Connor, J., concurring in the judgment) ("The complexity of our jurisprudence in this area…makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law.").

14.     The purpose of the *Edwards* standard is to ensure a fundamentally fair proceeding. *Edwards*, 554 U.S. at 177 ("[P]roceedings must not only be fair, they must appear fair to all who observe them." (quotations omitted)). And as discussed above, the Supreme Court has stated that "fundamental fairness in the imposition of the death penalty" requires representation by qualified counsel in capital habeas proceedings. *McFarland*, 512 U.S. at 859.

**3. Section 2255 petitioners have no right to decide the issues raised in a counseled § 2255 motion.**

15.     As for what issues to raise in a habeas motion, those decisions are counsel's to make. A criminal defendant "has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745 (1983). Outside of these fundamental decisions, "it is the defendant's prerogative…to decide on the objective

8

of his defense," but strategic choices about how best to attain that objective are left to counsel. *McCoy v. Louisiana*, 138 S. Ct. 1500, 1505, 1508-09 (2018); *see also Gonzalez v. United States*, 553 U.S. 242 ("Numerous choices" do not require client consent, including "the objections to make, the witnesses to call, and the arguments to advance."); Va. Rule of Professional Conduct 1.2(a) ("A lawyer shall abide by a client's decisions concerning the objectives of representation…and shall consult with the client as to the means by which they are to be pursued….In a criminal case, the lawyer shall abide by the client's decision…as to a plea to be entered, whether to waive jury trial and whether the client will testify.").

16.     Based on these principals, the Supreme Court has explained, in the appellate context, that "the professional advocate," not the client, "must be allowed to decide what issues are to be pressed." *Jones*, 463 U.S. at 751. This holding is based on the Court's recognition of "the superior ability of trained counsel in the examination into the record, research of the law, and marshalling of arguments on the appellant's behalf." *Id.* (quotations and alterations omitted). The same reasoning applies with at least as much force here, where courts have noted the special necessity of counsel in a habeas case based on the heightened complexity of the proceedings. *See McFarland*, 512 U.S. at 855.

17.     These principles preclude habeas petitioners like Mr. Torrez from deciding what issues should be raised in a § 2255 motion. The Virginia Rules of Professional Conduct confirm this conclusion. The Rules identify each of the decisions that a client, rather than counsel, may make, and conspicuously omit any delegation of authority for the client to raise or withdraw specific claims or issues. *See* Va. Rule of Professional Conduct 1.2(a).

Further, where an attorney "reasonably believes that the client has diminished capacity," she "may take reasonably necessary protective action." Va. Rule of Professional Conduct 1.14(b). In the capital habeas context, that means raising potentially meritorious claims for relief. In the event that the Court, despite these well-established principles, is inclined to allow Mr. Torrez to insist that certain claims be omitted from his § 2255 motion, this would be tantamount to a waiver of habeas review on those claims, and a competency evaluation would be required before the Court could accept such a waiver. *See* Section 1, *supra* (discussing competency to waive habeas review).

Respectfully submitted,

/s/ Joanne Heisey

JOANNE HEISEY
KATHERINE THOMPSON
SAMUEL J.B. ANGELL
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone (215) 928-0520
Joanne_Heisey@fd.org

/s/ Joan C. Robin

JOAN C. ROBIN
VA Bar # 44502
421 King Street
Suite 505
Alexandria, VA 22314
Telephone (703) 349-1111
Facsimile (703) 349-1118
joni@jonirobinlaw.com

Counsel for Jorge Avila Torrez

February 17, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of said filing (NEF) to counsel of record.

_____/s/

Joan Robin