IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JORGE AVILA TORREZ, )
)
 Movant, )
 v. ) Criminal No. 1:11-CR-00115-LO
)
JEFFREY KRUEGER, ) The Honorable Liam O'Grady
Warden, USP Terre Haute, )
) Hearing: February 27, 2023, 10:00 a.m.
 and )
)
UNITED STATES OF AMERICA, )
)
 Respondents. )

## COUNSEL'S RESPONSE TO COURT'S REQUEST FOR BRIEFING

COMES NOW James W. Hundley, as counsel for the movant, Jorge Avila Torrez, and submits the following in response to the Court's request for additional briefing following Mr. Torrez's Moton to Represent Self in Court (ECF 500):

**Factual Background:**

On April 5, 2022, Mr. Torrez filed a motion requesting that this Court allow him to proceed on a pro se basis for the remainder of all legal proceedings pertaining to his pending motion challenging his conviction and sentence under 22 U.S.C. § 2255. At the time of Mr. Torrez's motion, he was represented by court-appointed counsel. Following Mr. Torrez's request to remove his counsel, the Court appointed undersigned counsel for the limited purpose of investigating the underlying reasons for Mr. Torrez's request to proceed pro se. A hearing on Mr. Torrez's motion was held on April 19, 2022.

Prior to the hearing, undersigned counsel spoke with Mr. Torrez via telephone on two occasions. At the time of these calls, Mr. Torrez was being held on death row at USP Terra

1

Haute. During the first call, Mr. Torrez appeared to understand the purpose of counsel's involvement in the case. Mentally, he seemed sufficiently oriented and was able to respond to questions appropriately. During the conversation, counsel did notice Mr. Torrez's high level of anxiety and mistrust and his propensity to focus on issues which were unrelated to his § 2255 motion.

During counsel's second phone call with Mr. Torrez, counsel realized that the relationship had quickly deteriorated. Mr. Torrez no longer trusted undersigned counsel and believed he was working with his court-appointed counsel to thwart his interests. Mr. Torrez presented his concerns in a letter to the Court in which he alleges, among other things, that his attorneys have an agreement with the Bureau of Prisons that disqualifies them from serving as his attorneys. ECF 509.

On August 18, 2022, undersigned counsel attempted to meet with Mr. Torrez at the Alexandria Detention Center. Mr. Torrez refused to enter the interview room.

Following the hearing on April 19, 2022, the Court ordered that Mr. Torrez undergo a mental evaluation to determine his competency to decide whether to represent himself. Dr. Richard A. Ratner was appointed to conduct the evaluation.

On January 20, 2023, undersigned counsel learned the Court had requested additional briefing on Mr. Torrez's motion to, at least in part, provide Dr. Ratner with further direction for his evaluation. The Court also set an additional hearing on Mr. Torrez's motion for February 27, 2023. To assess Mr. Torrez's current mental state and advise him of the hearing, undersigned counsel attempted to meet with Mr. Torrez on February 23, 2023. Mr. Torrez refused to enter

the interview room or to accept copies of the most recent pleadings filed in response to the Court's request for additional briefs.[1]

**Recommendation:**

Mr. Torrez's court-appointed counsel has asserted that, as a matter of law, Mr. Torrez has no right to self-representation in a § 2255 proceeding. *See* Response to Court's Request for Briefing, ECF 526 at p. 4. The government objects to this position and asserts that the movant does have such a right. Should the Court conclude that Mr. Torrez has no right to represent himself in these ongoing proceedings, then a mental evaluation, at least in the case's current posture, would no longer be necessary.

However, both parties recognize that a pro se request to waive a § 2255 motion in a capital case must be made by a competent defendant. ECF 526 at p. 2. At this point, Mr. Torrez has not asked to withdraw his motion. Thus, as the government suggests, the Court may which to question Mr. Torrez on the specifics of how he wishes to proceed. If he indicates a desire to waive his § 2255 motion, a competency evaluation will be necessary.

Should the Court conclude that Mr. Torrez has a right to self-representation moving forward and Mr. Torrez persists in his desire to pursue his motion on a pro se basis, a mental evaluation will still be necessary. The government has recognized this fact. *See* Memorandum of the United States Regarding the Defendant's Desire to Represent Himself, ECF 527 at p. 3.

Should the Court order a mental evaluation, Dr. Ratner should be advised of the different standard of review which is now applicable. In 2013, Dr. Ratner examined Mr. Torrez to determine his competency to stand trial and to represent himself at trial. Now, as both parties

---

[1] Mr. Torrez is being held in protective custody at the Alexandria Detention Center. Due to the constraints of this classification, counsel's earlier attempts to speak with Mr. Torrez on the phone or in person were unsuccessful.

recognize, the focus of the examination is more exacting.  In addition to competency, Dr. Ratner must also determine if Mr. Torrez has the capacity to appreciate his position, make rational choices, perform the basic tasks of self-representation, and understand the consequences of self-representation, and/or the consequences of withdrawing his § 2255 motion. See ECF 526 at p. 3; ECF 527 at p. 3-4.

Respectfully submitted,

JORGE AVILA TORREZ
By Counsel

/s/*James W. Hundley*
James W. Hundley, VSB # 30723
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
703-883-0880
703-883-0899 (fax)
jhundley@brigliahundley.com

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on the 24th day of February, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notice of said filing (NEF) to all counsel of record in this case.

                                 /s/*James W. Hundley*
                                 James W. Hundley