IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JORGE AVILA TORREZ, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | Criminal No. 1:11-CR-00115-LO |
| | ) | |
| JEFFREY KRUEGER, | ) | The Honorable Rossie D. Alston, Jr. |
| Warden, USP Terre Haute, | ) | |
| | ) | Hearing:  February 5, 2025, 11:00 a.m. |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>INTERMEDIARY COUNSEL'S RESPONSE TO COURT'S REQUEST FOR POSITION PAPER REGARDING DEFENDANT'S COMPETENCY</u>

COMES NOW James W. Hundley, as "intermediary" counsel for the movant, Jorge Avila Torrez, and submits the following in response to the Court's request for position papers regarding Mr. Torrez's competency to represent himself in his post-conviction proceedings. (ECF 541):

**Factual Background:**

On April 5, 2022, Mr. Torrez filed a motion requesting that this Court allow him to proceed on a pro se basis for the remainder of all legal proceedings pertaining to his pending motion challenging his conviction and sentence under 22 U.S.C. § 2255.  At the time of Mr. Torrez's motion, he was represented by court-appointed counsel.  Following Mr. Torrez's request to remove his counsel, the Court appointed undersigned counsel for the limited purpose of investigating the underlying reasons for Mr. Torrez's request to proceed pro se.  A hearing on Mr. Torrez's motion was held on April 19, 2022.

Prior to the hearing, undersigned counsel spoke with Mr. Torrez via telephone on two occasions. At the time of these calls, Mr. Torrez was being held on death row at USP Terra Haute. During the first call, Mr. Torrez appeared to understand the purpose of counsel's involvement in the case. Mentally, he seemed sufficiently oriented and was able to respond to questions appropriately. During the conversation, counsel did notice Mr. Torrez's high level of anxiety and mistrust and his propensity to focus on issues which were unrelated to his § 2255 motion.

During counsel's second phone call with Mr. Torrez, counsel realized that his relationship with Mr. Torrez had quickly deteriorated. Mr. Torrez no longer trusted undersigned counsel and believed he was working with his court-appointed counsel to thwart his interests. Mr. Torrez presented his concerns in a letter to the Court in which he alleged, among other things, that his attorneys have an agreement with the Bureau of Prisons that disqualifies them from serving as his attorneys. ECF 509.

On August 18, 2022, undersigned counsel attempted to meet with Mr. Torrez at the Alexandria Detention Center. Mr. Torrez refused to enter the interview room.

Following the hearing on April 19, 2022, the Court ordered that Mr. Torrez undergo a mental evaluation to determine his competency to decide whether to represent himself. Dr. Richard A. Ratner was appointed to conduct the evaluation.

On January 20, 2023, the Court requested additional briefing on Mr. Torrez's motion to, at least in part, provide Dr. Ratner with further direction for his evaluation. The Court also set another hearing for February 27, 2023. To assess Mr. Torrez's current mental state and advise him of the hearing, undersigned counsel attempted to meet with Mr. Torrez on February 23,

2023. Mr. Torrez again refused to enter the interview room or to accept copies of the most recent pleadings filed in response to the Court's request for additional briefs.

At the February 27, 2023 hearing, all the parties recognized that a pro se request to waive a § 2255 motion in a capital case must be made by a competent defendant. ECF 526 at p. 2. Both the government and undersigned counsel recognized that, should the Court conclude that Mr. Torrez has a right to self-representation moving forward and Mr. Torrez persists in his desire to proceed on a pro se basis, a mental evaluation would be necessary. *See* Memorandum of the United States Regarding the Defendant's Desire to Represent Himself, ECF 527 at p. 3; Counsel's Response to Court's Request for Briefing, ECF 528 at p. 3.

At the conclusion of the February 27 hearing, the Court recognized that Mr. Torrez had a right to self-representation, but that he had to be competent to exercise said right. The Court therefore ordered Dr. Richard A. Ratner to evaluate Mr. Torrez to determine whether he is competent to draft and file a § 2255 habeas petition without the assistance of counsel. ECF 529. The Court also encouraged Mr. Torrez to work with counsel; however, as of this filing, Mr. Torrez has consistently stated his desire to handle his § 2255 petition without the aid of any attorneys.

Dr. Ratner submitted his forensic psychiatric report of Mr. Torrez to the Court on November 8, 2023. Dr. Ratner found that, although Mr. Torrez was significantly impaired by his serious personality disorders (which are recognized in the Diagnostic Manual of Psychiatry), the disorders do not affect Mr. Torrez's cognitive abilities. Dr. Ratner concluded that Mr. Torrez was able to knowingly, intelligently, and voluntarily make decisions regarding his appeals and that he was competent to waive his counsel and proceed pro se.

On December 24, 2024, the President of the United States issued an Executive Grant of Clemency commuting Mr. Torrez's death sentence to life imprisonment without the possibility of parole. ECF 540.

On January 10, 2025, the Court released Dr. Ratner's report to the parties and set a competency hearing for February 5, 2025. ECF 541.

**Position of Intermediary Counsel:**

Given that Dr. Ratner has completed his competency evaluation, Mr. Torrez's sentence has been commuted from death to life without parole, and Mr. Torrez has remained steadfast in his desire to represent himself going forward, intermediary counsel has no apparent role to play in Mr. Torrez's case at this point. As such, undersigned counsel will defer to Mr. Torrez's appointed defense counsel and the government to state to the Court their respective positions on Mr. Torrez's competency and his motion to waive counsel and proceed pro se with his § 2255 petition.

Respectfully submitted,

JORGE AVILA TORREZ
By Counsel

/s/*James W. Hundley*_____
James W. Hundley, VSB # 30723
BRIGLIA HUNDLEY, P.C.
1921 Gallows Road, Suite 750
Tysons Corner, Virginia 22182
703-883-0880
703-883-0899 (fax)
jhundley@brigliahundley.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 31st day of January, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notice of said filing (NEF) to all counsel of record in this case.

/s/*James W. Hundley*
James W. Hundley