IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

JORGE AVILA TORREZ.,

Defendant.

No. 1:11-cr-115 (RDA)

**POSITION OF THE UNITED STATES REGARDING COMPETENCY**

By Order issued January 10, 2025, this Court directed the parties to submit their position regarding the defendant's competency (Dkt. 541) and the opinions of Dr. Ratner as set forth in his November 8, 2023 report (Dkt. 542). This pleading addresses those issues.

**1. Preliminary Issues**

At the outset, we note that the context of this proceeding has changed since Dr. Ratner prepared his report. On December 23, 2024, the defendant's death sentence was commuted to a sentence of life imprisonment (Dkt. 540). Despite that significant change, we do not believe it affects the validity of Dr. Ratner's opinions as discussed in his report.

We also note that, at page five of his report, Dr. Ratner lists the information he received from habeas counsel, including reports of mental health professionals and mitigation experts. The government has not been provided with some of the listed information. Given Dr. Ratner's discussion of that information, we are, however, comfortable proceeding based solely on Dr. Ratner's report. If, at the hearing, it appears that either the Court or habeas counsel intends to rely on those sources of information, we may ask that the information be made part of the record and that we be provided with the material. Obviously, if habeas counsel intends to present live

testimony by one or more of these individuals, we would, at a minimum, be entitled to receive their reports.

Finally, the government does not intend on introducing live testimony at the hearing unless there is an objection to receiving Dr. Ratner's report in evidence.

## 2. Competency Issues

The government previously briefed the legal issues surrounding self-representation in the context of the defendant's Section 2255 proceeding when the issue first arose before United States District Judge Liam O'Grady (Dkt. 527, attached). At that time, of course, this was still a capital case, and the defendant was entitled to appointed counsel pursuant to 18 U.S.C. § 3599, because the proceeding would have been one "seeking to vacate or set aside a death sentence." That is no longer the case, and habeas counsel's arguments that the defendant cannot, as a matter of law, waive his statutory right to counsel are moot.

We submit that the Court must resolve two issues at the upcoming hearing. First, the Court must determine whether the defendant presently suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the current proceedings and to assist properly in his defense. We agree with Dr. Ratner that the defendant does not presently suffer from such a mental disease or defect.

Second, the Court must determine whether the defendant is "competent" to represent himself in his Section 2255 proceeding. In that regard, the Court must decide whether the defendant has the ability to carry out the basic tasks needed to prepare and file a Section 2255 motion on his own. Again, based on Dr. Ratner's report, we submit that the defendant is competent to prepare and file a Section 2255 motion without the assistance of counsel.

As discussed in our previous memorandum, the Court has a duty to question thoroughly the defendant regarding these choices. The Court must determine whether the defendant's decision to waive counsel or to waive the filing of a Section 2255 motion is clear, unequivocal, knowing, voluntary, and intelligent. In addition, the Court must question Torrez about his knowledge of the current proceeding, his ability to carry out the basic tasks for self-representation, and, importantly, the consequences of his decision to proceed without counsel, that is, the dangers and disadvantages of self-representation.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: _____/s/_____
James L. Trump
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3726
Email: jim.trump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January, 2025, I caused the foregoing document to be served on all counsel of record through the Official Court Electronic Filing System.  I also certify that on the 31st day of January, 2025, I cause the foregoing document to be mailed to the defendant at the Northern Neck Regional jail.

                              /s/

James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3726
jim.trump@usdoj.gov